**UNITED STATES DISTRICT COURT**
**For The DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Kyioshi Hood-Harrison, | ) | **COMPLAINT** |
| ℅ P.O. Box 1174 | ) | |
| Coventry, RI 02816 | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No.: |
| | ) | |
| NEWPORT COMMUNITY SCHOOL, | ) | |
| Kenneth J. Shae, ESQ. (registered agent) | ) | |
| 62 E Nipmuc Trail | ) | |
| North Providence, RI 02904 | ) | |
| *Defendant.* | ) | **JURY DEMAND** |

## COMPLAINT FOR VIOLATIONS OF ADA, SECTION 504 OF REHABILITATION ACT, RETALIATION AND DISPARATE TREATMENT

### INTRODUCTION

1. This civil action is brought by Plaintiff, Kyioshi Hood-Harrison, against Defendant, Newport Community School ("NCS"), for violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

2. Plaintiff is a qualified individual with a disability who enrolled in NCS's Phlebotomy Training Program, operated through Aquidneck Adult Learning Center, beginning February 24, 2025. Despite the visible nature of Plaintiff's disability—requiring use of a cane and medical boot for ambulation—Defendant failed to provide reasonable accommodations in a timely manner, resulting in physical pain, emotional distress, and a hostile educational environment.

3. Plaintiff made good faith efforts to resolve the matter administratively prior to filing this lawsuit. She submitted a formal demand letter to Defendant on March 26, 2025, which was ignored, and further contacted the U.S. Department of Education's Office for Civil Rights (OCR). OCR has not responded or intervened, and its prolonged inaction constitutes acquiescence, effectively exhausting Plaintiff's available administrative remedies.

Plaintiffs Complaint                                                                                          1

## UNITED STATES DISTRICT COURT
### For The DISTRICT OF RHODE ISLAND

---

### JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act.

5. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to this claim occurred within this judicial district, and Defendant conducts business and educational programming in Newport, Rhode Island.

### PARTIES

6. Plaintiff Kyioshi Hood-Harrison is a resident of Rhode Island who, at all relevant times, was enrolled in the Phlebotomy Training Program administered by Defendant at Aquidneck Adult Learning Center. Plaintiff is a qualified individual with a disability under the meaning of Section 504 and the ADA, due to her diagnoses of permanent neuropathy and complex regional pain syndrome, which substantially limit one or more major life activities.

7. Defendant Newport Community School ("NCS") is a Rhode Island nonprofit corporation that receives federal financial assistance and operates educational programs, including adult training programs such as the Phlebotomy Training Program. As a recipient of federal funding and an operator of a public accommodation, NCS is subject to the requirements of Section 504 and Title III of the ADA..

### FACTUAL ALLEGATIONS

7. On or about February 6, 2025, Plaintiff attended an in-person interview for enrollment in NCS's Phlebotomy Training Program operated by the Defendant. At the time of the interview, Plaintiff presented with an observable physical disability, including the use of a walking boot and cane for mobility. Plaintiffs need for mobility-related accommodations were plainly evident. Defendants agents and representatives had actual knowledge of Plaintiffs disability at that time. (See Exhibit A )

Plaintiffs Complaint                                                                                          2

**UNITED STATES DISTRICT COURT**
**For The DISTRICT OF RHODE ISLAND**

8. Upon enrollment February 24, 2025, despite her visible disability and ongoing struggles to access the classroom, Newport Community School failed to inquire about or provide appropriate accommodations as required under Section 504 and the ADA. (See Exhibit  B)

9. During the period from February 24, 2025, to March 24, 2025, Plaintiff endured significant physical pain and emotional distress due to the lack of accessible entry routes to the classroom.

10. Staff and fellow students, including Janice Comeau and Jessica Necchi-Dumas, employees/educators of Defendant witnessed Plaintiff's struggles, yet no timely action was taken to rectify the situation.

11. On or around March 17, 2025, Plaintiff sent a email to Newport Community School inquiring about the location and its accessibility. (Exhibit C )

12. On or around March 20, 2025, Plaintiff received a group email from Jessica Necchi-Dumas employee/educator regarding tardiness and professionalism, in response Plaintiff sent a email inquiring about accessibility and asking that her disability and the fact that she is tardy is due to her having to take an inaccessible route to class which has caused more pain and distress to be taken into account. (Exhibit D)

13. On or about March 21, 2025, shortly after asserting her rights under Section 504 of the Rehabilitation Act and the ADA, Plaintiff was subjected to retaliatory conduct by Defendants employee, Jessica Necchi-Dumas. Specifically, Jessica Necchi-Dumas denied Plaintiff access to a classroom quiz and imposed new, previously uncommunicated rules concerning quiz administration. Plaintiff emailed Kathy Evans to notify her of Jessica Necchi-Dumas's actions.(See Exhibit E) Subsequently, towards the conclusion of class, Ms. Necchi-Dumas received a call from Kathy Evans, in which Ms. Necchi-Dumas placed the call on speakerphone in the presence of the entire class while they discussed Plaintiffs email. When Plaintiff attempted to leave the classroom, Ms. Necchi-Dumas deliberately blocked Plaintiffs path to the elevator, causing additional emotional distress. Plaintiffs email complaint concerning Ms. Necchi-Dumas' conduct, strongly suggests retaliatory coordination between Defendants staff. This public confrontation and the manner in which is was handled further contributed to the hostile learning environment Plaintiff endured. (See Exhibit F )

Plaintiffs Complaint                                                                                                  3

**UNITED STATES DISTRICT COURT**
**For The DISTRICT OF RHODE ISLAND**

14. On or around March 21, 2025. Plaintiff contacted U.S. Department Of education.Office for Civil Rights. To date, OCR has taken no action and its silence is reasonably interpreted as acquiescence, thereby exhausting Plaintiff's administrative remedies as required under federal law. (Exhibit G)

15. Plaintiff was not informed of the accessible entrance located or provided an access code at the back of the building until March 24, 2025, resulting in unnecessary suffering for an entire month. (Exhibit H)

16. March 26, 2025. Plaintiff submitted a formal demand letter to Kathy Evans and NCS registered agent via certified mail, outlining in detail her concerns, including Defendants failure to provide timely and effective reasonable accommodations, and identifying violations under section 504 of the Rehabilitation Act and the Americans with Disabilities Act (ADA). The purpose of this correspondence was to provide Defendant with an opportunity to resolve the matter amicably and avoid unnecessary litigation. Despite this good-faith effort,  Defendant failed to respond or engage in meaningful dialogue regarding the issues raised therein. (Exhibit I )

17. On or about March 28, 2025, Janice Comeau unilaterally announced to the class that the program hours would change to 9:30 a.m. to 12:30 p.m., without prior notice or consultation. This change posed a hardship for Plaintiff, who had scheduled transportation and medical appointments based on the original class hours. ( J)

18. Plaintiff promptly raised this issue with Kathy Evans via email, requesting clarification and expressing concern that this change may be retaliatory in nature given the recent assertion of her rights under Section 504 and the ADA. (Exhibit K )

19. In response, Kathy Evans appeared in person on March 31, 2025, to make a verbal announcement to the class that the hours would remain 9:30 a.m. to 12:00 p.m., thereby reversing Janice Comeau's unilateral directive. No formal written clarification or notice was ever issued.

UNITED STATES DISTRICT COURT
For The DISTRICT OF RHODE ISLAND

20. This incident further illustrates Defendants' failure to engage in consistent, transparent communication with Plaintiff, and supports Plaintiff's claim of a hostile and retaliatory environment following the assertion of her federally protected rights.

21. Following Plaintiff's assertion of her rights on March 17, 2025, Defendants Administrator Kathy Evans began appearing far more frequently at the training site. While Plaintiff does not allege a specific intent, the timing and increased presence coincided with Defendants growing non responsiveness to Plaintiff's formal request for accommodation, including her April 11th, 2025 request to take the final exam early due to upcoming surgery. (Exhibit L)

22. On April 11th, 2025, Plaintiff verbally informed Janice Comeau, employee/educator at Newport Community Schools/Aquidneck Adult Learning Center, of her upcoming surgery and requested to take the final exam early as a reasonable accommodation. As of the date of this filing, Plaintiff has not received the response to this request, further evidencing defendant's pattern of disregard for her federally protected rights.

23. On April 16th, 2025, Plaintiffs submitted a medical letter from her psychiatrist, Shayla Spellman dated April 1st, 2025, confirming her diagnosis of Complex Regional Pain Syndrome and Permanent neuropathy and supporting her need for accommodations period. Defendant has not acknowledged or responded to this documentation as of the date of this filing. (Exhibit M)

24. Plaintiff has made repeated verbal and written requests to defendant Kathy Evans agent for Newport Community Schools/Aquidneck Adult Learning Center for signed copies of the policy forms, she was required to sign on February 24th, 2025 and again on April 9th, 2025. Despite promises to respond on April 16 2025, Kathy Evans has only provided unsigned versions which do not satisfy Plaintiffs requests for records of her signed agreements. These documents are material to Plaintiff's participation and the program and necessary for her own records and legal protection. (Exhibit N)

25. On or about April 17, 2025, Plaintiff became aware of a document compiled by Kathy Evans on behalf of Defendant, purporting to chronicle Plaintiff's concerns and Defendant's responses. This document omits material facts, including multiple emails that were either ignored or left unacknowledged for extended periods, as well as the Defendant's failure to respond to Plaintiff's

**UNITED STATES DISTRICT COURT**
**For The DISTRICT OF RHODE ISLAND**

formal demand letter dated March 26, 2025. While the summary highlights minor actions taken by Ms. Evans, it fails to document her frequent absences from the school, her failure to timely provide a door access code necessary for classroom entry, and her repeated refusal to engage in any meaningful discussion of the Plaintiff's rights under Section 504 or the ADA. The document appears designed to mitigate Defendant's liability in anticipation of litigation, rather than to accurately reflect Plaintiff's experiences or Defendant's obligations under federal law. (Exhibit O)

25. Defendant's failure to provide timely accommodations and subsequent retaliation against Plaintiff caused her emotional distress, diminished academic performance, and unnecessary physical pain.

26. Asserting her rights under federal disability laws, Plaintiff has been subjected to an escalating pattern of retaliation, including but not limited to: disregard for reasonable accommodation requests, failure to respond to written communications, denial of timely academic support and unexplained administrative actions. This conduct constitutes constructive interference with Plaintiffs right to equal access to education and serves no legitimate pedagogical purpose.

*Disparate Treatment and Failure to Accommodate*

27. During the course of the program, on or around March 15, 2025 Plaintiff became aware that another student, Amanda, who underwent carpal tunnel surgery, was promptly provided with accommodations by Janice Comeau employee/educator to account for her limited ability to write due to pain. In contrast, despite Plaintiffs obvious disability—including the use of a cane and boot, and her visible struggles to navigate the stairs—Plaintiff was not offered any assistance or accommodations for an entire month. This demonstrates a clear inconsistency in how accommodations were provided, resulting in unequal treatment and a violation of Plaintiffs rights under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.

28. As set forth in the foregoing factual allegations, Defendant treated Plaintiff less favorably than similarly situated students,including but not limited to Amanda, by denying timely

Plaintiffs Complaint                                                                                                     6

**UNITED STATES DISTRICT COURT**
**For The DISTRICT OF RHODE ISLAND**

---

accommodations, implementing inconsistent policies, and selectively enforcing classroom procedures. These actions amount to disparate treatment in the basis of disability, in violation of section 504 and ADA.

### *Defendant's Mischaracterizations of Events and Post Hoc Justifications*

29. Upon information and belief, Defendant, through its employee Kathy Evans, created a written summary or "timeline" of events in an effort to minimize liability and present a post hoc justification for its failure to timely accommodate Plaintiff's disability. In that document, Ms. Evans falsely asserts, inter alia, that she demonstrated accessible entry points to Plaintiff on the first day of class. In truth, Ms. Evans was not present on the first day of class, and no such accessibility guidance or back-door code was provided to Plaintiff until March 24, 2025—approximately one month after classes commenced. Until that date, Plaintiff was forced to navigate an inaccessible entrance, resulting in significant physical pain and delay. Moreover, Ms. Evans' notes characterize Plaintiff's communications as "unclear" or "non-specific," despite contemporaneous written records—including Plaintiff's March 17 and March 21, 2025 emails—clearly identifying accessibility barriers, retaliation, and violations of federal law. (See Exhibit O)

30. Ms. Evans further suggests that accessibility was "resolved" on March 24, 2025, ignoring the fact that delayed accommodations do not remedy the preceding violations under Section 504 or the ADA. The retroactive provision of a door code or clarification of classroom location does not erase the month-long period during which Plaintiff was denied equal access, subjected to a hostile learning environment, and deprived of academic opportunities due to her disability. These internal notes are not only self-serving but also misleading, created in anticipation of litigation rather than reflecting an honest effort to ensure compliance with civil rights law.

31. Moreover, upon information and belief, Defendant's internal records, including a timeline created by Kathy Evans, omit material facts and distort the sequence of Plaintiff's communications. For example, although Plaintiff initially inquired about the change in classroom location on or about March 17, she subsequently followed up to identify the inaccessibility of the new site. Ms. Evans' summary misleadingly references only the initial inquiry and fails to acknowledge the explicit concerns Plaintiff raised about accessibility. This omission evidences a

UNITED STATES DISTRICT COURT
For The DISTRICT OF RHODE ISLAND

pattern of selective recordkeeping designed to minimize liability and obscure the Defendant's failure to comply with its obligations under Section 504 and the ADA.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

40. Plaintiff incorporates by reference the allegations in Paragraphs 1–31 as if fully set forth herein.

41. Defendant Newport Community School is a recipient of federal financial assistance and is subject to the requirements of Section 504 of the Rehabilitation Act.

42. Under Section 504, Defendant is required to provide reasonable accommodations to qualified individuals with disabilities and ensure they have meaningful access to its programs and services.

43. Defendant's failure to provide timely accommodations from February 24, 2025, to March 24, 2025, despite Plaintiff's obvious disability, constitutes a violation of Section 504.

44. As a direct and proximate result of Defendant's actions, Plaintiff suffered physical pain, emotional distress, and a hostile learning environment that adversely affected her academic performance.

### COUNT II: VIOLATION OF TITLE III OF THE ADA

45. Plaintiff incorporates by reference the allegations in Paragraphs 1–31 as if fully set forth herein.

46. Defendant is a public accommodation subject to Title III of the ADA, which prohibits discrimination against individuals with disabilities and requires the provision of accessible facilities and reasonable accommodations.

47. Defendant's failure to provide an accessible route to the classroom and its month-long delay in providing accommodations constitute discrimination under Title III of the ADA.

### UNITED STATES DISTRICT COURT
### For The DISTRICT OF RHODE ISLAND

48. Plaintiff suffered physical and emotional harm as a result of Defendant's failure to comply with its obligations under the ADA.

## COUNT III: RETALIATION IN VIOLATION OF SECTION 504 AND THE ADA

48. Plaintiff incorporates by reference the allegations in Paragraphs 1–31 as if fully set forth herein.

49. After asserting her rights and requesting accommodations, Plaintiff was subjected to retaliatory conduct by. Jessica Necchi-Dumas, including actions that obstructed her ability to complete quizzes, denied her equal access to classroom participation, and cultivated and fostered a hostile learning environment. Ms. Necchi-Dumas escalated this retaliatory behavior by physically obstructing Plaintiffs exit from the classroom, refusing to allow her to leave despite Plaintiffs clear request to do so. This conduct caused Plaintiff significant distress and could be reasonably construed as as an act of intimidation and coercion related to Plaintiff's protected activity, in violation of federal law.

50. Defendant's failure to address this retaliatory conduct and its continued indifference to Plaintiff's rights constitute further violations of Section 504 and the ADA.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated Section 504 of the Rehabilitation Act and Title III of the ADA;

B. Issue an injunction requiring Defendant to implement appropriate policies and training to ensure compliance with federal disability laws;

C. Award Plaintiff monetary damages in the amount of $40,000 for emotional distress, pain and suffering

D. Award Plaintiff her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 794a and 42 U.S.C. § 12205; and

E. Grant such other relief as the Court deems just and proper.

**UNITED STATES DISTRICT COURT**
**For The DISTRICT OF RHODE ISLAND**

JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by right.

Respectfully submitted,

*Kyioshi Hood-Harrison*

℅ P.O. Box 1174
Coventry, RI 02816
401-516-1657
*Pro Se Plaintiff*
